IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD NASH (TDCJ No. 1801411), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-1250-B-BN |
| WILLIAM STEPHENS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Richard Nash, proceeding *pro se* and *in forma pauperis*, brings this civil rights action alleging that he was mentally ill at the time of his state criminal conviction and that, as a result, he did not understand the proceedings. *See* Dkt. No. 3 at 4. He argues that the trial court's failure to order a psychiatric evaluation violated his rights. *See id.* Nash seeks monetary damages and injunctive relief. *See id.*

The undersigned now concludes that Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Legal Standards

A district court may summarily dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if it concludes that the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

In *Heck v. Humphrey,* the United States Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff makes no claim that his conviction has been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 3 at 4. The undersigned takes judicial notice of Plaintiff's currently pending habeas action in which Plaintiff attacks his conviction and the validity of his current confinement on the same grounds that he has presented in the instant case. *See Nash v. Stephens*, No. 3:14-cv-747-L-BN (N.D. Tex.) (order for Respondent to show cause entered March 19, 2014). Because no cause of action has accrued under the Civil Rights Act, Plaintiff's complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous). And, where a Section 1983 plaintiff's claims attack the fact or

duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

To the extent that Plaintiff seeks release from custody for his allegedly unlawful conviction and imprisonment, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). As previously noted, Plaintiff has a habeas action currently pending. Without authorization from the Fifth Circuit Court of Appeals, this Court does not have jurisdiction to consider a second or successive petition for writ of habeas corpus. *See* 28 U.S.C. §§ 2244(b)(2) & (3).

**Recommendation**

Plaintiff's civil rights claims are barred by the Supreme Court's decision in *Heck v. Humphrey* and should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and with prejudice to their being asserted again until the conditions set forth in *Heck v. Humphrey* have been satisfied. To the extent that Plaintiff presents claims cognizable in a habeas proceeding, such claims should be dismissed without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE